(21 App. Div. 389.)

### ROGERS et al. v. PEARSALL et al.

(Supreme Court, Appellate Division, First Department. October 22, 1897.)

1. PRACTICE—ENUMERATED MOTIONS—WHAT ARE.

An interlocutory judgment adjudicating certain rights also referred it to a referee to take and state certain accounts, and he, after hearing, made his report. Before the filing of any exceptions, plaintiff gave notice of motion, on the report, accounts, objections filed, evidence before the referee, interlocutory judgment, summons, pleadings, etc., for confirmation of the report and for final judgment. *Held,* an enumerated motion, under Gen. Rule 38, defining such as a motion arising "on special verdict, issues of law, cases, exceptions," etc.

2. SAME—NOTICE—MOVING PAPERS—STRIKING FROM CALENDAR.

An enumerated motion by plaintiff was noticed for the second day of the term, and plaintiff failed to serve a copy of the papers on which the motion was founded. Defendants, however, had obtained the stenographer's minutes at their own expense. *Held,* that the motion was fatally irregular, and the cause should have been stricken from the calendar, under Gen. Rule 40, providing that, except in the appellate division, enumerated motions shall be noticed for the first day of the term; that the papers on which they are founded shall be served, etc., and that on failure to do so the cause may be stricken from the calendar; and that unless the party prefix to his points a concise statement of the facts, with references to the folios, he shall not discuss the facts.

Appeal from special term.

Action by Jacob S. Rogers and others against Thomas W. Pearsall and others. From an order denying a motion to strike the cause from the calendar, and for judgment, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Thomas G. Shearman, for appellants.
Julien T. Davies, for respondents.

VAN BRUNT, P. J. An interlocutory judgment in this action having been entered, in which certain of the rights of the parties were adjudicated, and by which it was further decreed that it be referred to a referee to take and state the account between the defendant corporation and the holders of outstanding scrip in the manner stated in said judgment, and the parties having been heard before a referee, and the referee having made his report to the court, before any exceptions had been filed to said report or the time for filing such exceptions had expired the plaintiffs, on the 25th of May, 1896, served a notice of motion, upon the referee's report, and upon the accounts and objections filed by the party with said referee, upon the evidence adduced before the referee, upon the interlocutory judgment, and upon the summons, pleadings, and all other papers and proceedings in the action, whereby they signified their intention to move on the 2d of June, 1896, for a confirmation of said report, and for final judgment in conformity with the terms of such report. Before making this motion the plaintiffs served on the defendants a copy of the referee's report, and nothing else. No part of the testimony or of the exhibits which the referee filed with his report was ever served. The 2d of June, 1896, was the second day of the June term. The defendants, upon the re-

ceipt of the motion papers, and within the time prescribed by rule 40, moved to strike the cause from the calendar, and for judgment; the grounds of the motion being that the papers upon which the motion for final judgment was founded had not been served, that the notice of such motion was not served eight days before the commencement of the term, and that the motion was not made for the first day of the term. There was no dispute except as to the question of the service of papers, and it was claimed that such service was excused because the defendants had procured the stenographer's minutes at their own expense, and therefore there was no need to serve these papers upon the defendants. The motion was denied, and from the order thereupon entered this appeal is taken.

An examination of the general rules of practice shows that the motion should have been granted in part. Rule 38, defining "enumerated motions," reads: "Enumerated motions are motions arising on special verdict, issues of law, cases, exceptions, appeals from judgments sustaining or overruling demurrers," etc. This was a motion to overrule exceptions, and for final judgment, and was clearly, therefore, an enumerated motion. Rule 40 provides that, except in the appellate division of the supreme court, enumerated motions shall be noticed for the first day of the term, and that the papers to be furnished shall be a copy of the pleadings, when the question arises on the pleadings or any part thereof, and a copy of the special verdict, return, or other papers on which the question arises, and that the party whose duty it is to furnish the papers shall serve a copy on the opposite party, except upon the trial of issues of law, at least eight days before the time for which the matter may be noticed for argument. If the party whose duty it is to furnish the papers shall neglect to do so, the opposite party shall be entitled to move, on affidavit and on four days' notice of motion, that the cause be stricken from the calendar, and that judgment be rendered in his favor. It is further provided that each party shall prefix to his points a concise statement of the facts of the case, with references to the folios, and, if such statement is not furnished, no discussion of the facts by the party omitting such statement will be permitted. It is clear that the motion for the second day of the term was irregular, and that the failure to serve a copy of the papers upon which the application was founded, in order that the provisions of the rule in regard to the discussion of facts might be complied with, was fatal to the regularity of the proceedings. The judge below should therefore have granted the motion, so far as to strike the cause from the calendar. The claim that it was not necessary to serve the papers, because the defendants had procured certain of the papers for themselves, cannot prevail for the reason that it was necessary that the papers which were presented to the court by the moving party, and those which were served upon the defendants, should be folioed, in order that the parties might refer to the testimony in such a manner as not to require the court to search through the whole mass of papers in order to ascertain to what reference was had.

The order should be reversed, with $10 costs and disbursements, and the motion granted, to the extent of striking the cause from the calendar, with $10 costs. All concur.